## GIBLIN *v.* JORDAN.

Land held by a husband with his wife and child, as tenants in common, is not subject to homestead rights under the laws of this State.

The parties in such a case are as much tenants in common as though they were entire strangers to each other.

APPEAL from the Superior Court of the city of San Francisco.

The agreed statement of the case shows that the plaintiff obtained judgment against the defendant, Michael Jordan, on which execution issued to the sheriff, who levied on the interest of the defendant in a certain lot in the city of San Francisco, which had been purchased several years before in the names of the defendant and Judith his wife, and Anna H. Jordan, their infant child ; that about a year before the rendition of the judgment, Michael Jordan had made a deed of gift of his interest in the lot to his wife ; after the levy, and before sale, the defendant claimed the property as a homestead, and the sheriff refusing to sell, the case was made by stipulation as upon an application for an order to direct the sheriff to sell, and a counter application to have the homestead set apart. It was admitted that the defendant and his family had resided on the property for a long time before the entry of the judgment.

The Court below made an order that the homestead be set aside and and retained by the defendant.   Plaintiff appealed.

*F. M. & H. H. Haight for Appellant.*

This Court has decided at the July Term, 1855, in the case of Davis & Wolff *v.* Fleishacker, that where there was a joint tenancy, or tenancy in common, no homestead right could exist.

The respondent's counsel will perhaps seek to evade the effect of the principle laid down in Davis & Wolff *v.* Fleishacker, by the plea that the three are all members of one family. But how does that change the principle ?   How long will this daughter continue to reside with her parents ?   For aught that appears she may have a family of her own by the time this cause is finally decided.

Had the property been conveyed to husband and wife alone, from the peculiar nature of the estate created there might be some ground for contending that it would constitute an exception, as, we suppose, in that case, a judgment against the husband would be a lien upon the *whole* property; but the joint tenancy in this case differs in no respect whatever from any other joint tenancy that could be created by deed.

*Waller & Dodge* for Respondent.

The property levied upon in this case, as appears by the stipulation, is vested in the family of the defendant, to wit, Michael Jordan, Judith Jordan his wife, and Anna H. Jordan, (aged about ten years,) each one-third, as tenants in common, or joint tenants. The manifest intention of the defendant, Jordan, in taking the conveyance to himself, his wife and daughter, was to vest the property where the homestead law would place it in case of his own death or insolvency. And, in the absence of all evidence to the contrary, the presumption is that the whole was purchased with the funds of Michael Jordan, the common property of himself and wife acquired during coverture.

A Court of Equity in marshaling the assets of a deceased person, or in distributing his estate among his creditors, would doubtless hold this to be the property of Michael Jordan, notwithstanding the naked legal title is vested in the three persons; and if it is not exempt by law from execution, the creditors undoubtedly have a right to resort to this in the absence of other sufficient estates out of which to pay the debts of Jordan. If, then, the execution of creditors can reach the equitable estate of Jordan, however the record title may stand to satisfy his debts, will not the law also protect the homestead rights of the family upon the same just principle?

It is not a parallel case with that of Davis & Wolff v. Fleishacker, cited by plaintiff's counsel; and it does not appear in that case but, if application had been made, the Court would have ordered a sale of the interest claimed as a homestead, and given it to the extent of five thousand dollars to the debtor and his family.

And first, in giving a liberal and just construction to the Homestead Act, this Court will look at the object and design of the Legislature in passing the law; and one of its manifest leading features is to protect a man and his family in the use and permanent occupancy of a homestead of reasonable value as a family inheritance from which they could not be driven.

1. The whole property belongs to Michael Jordan; this is the equitable and legal effect of the purchase and conveyances, *as respects all creditors*.

2. If the conveyances are strictly regarded as evidence of property, then Jordan has no interest, having conveyed it to his wife.

3. The defendant, Jordan, if he has any interest, has a right that a sale be made, and the sum of $5,000 reserved for him in lieu of homestead.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT concurred.

In Davis & Wolff v. Fleishacker, we decided that land held by tenants in common was not subject to homestead rights under the laws of this State.

In the present case, the title of the premises is in the husband, his wife, and child, and inasmuch as the husband is the head of the family,

and his daughter entitled to claim protection and maintenance from him, it is contended that this case does not fall within the rule established.

We are at a loss to find a distinction. The defendants are as much tenants in common as though they were entire strangers to each other, and the estate of the wife and child cannot be impressed with the character of a homestead simply because they have resided upon the premises.

This case may be a hard one; but it forms no reason why the former decision should be disregarded.

The frequent instances in which Courts have relaxed rules to avoid the consequences of cases like this, have done more to confuse and complicate the law, and destroy its beauty and symmetry, than all other causes put together.

A rule once established and firmly adhered to, may work apparent hardship in a few cases, but in the end will prove more beneficial than if constantly deviated from.    Judgment reversed.