[No. 14167.　Department Two. —November 19, 1891.]

## EDMUND D. SHANAHAN, Appellant, v. H. J. CRAMPTON et al., Respondents.

Husband and Wife — Conveyance to Wife — Separate Property — Where land is conveyed to a wife "as her separate property and estate," the title vests in her, and may be conveyed by her.

Id. — Purchase with Community Property — Earnings of Husband — Trust for Community. — If the purchase-money of such land consisted of the earnings of the husband after marriage, and the wife took the title in her name as her separate property, without the husband's knowledge or consent, and held it adversely to him, she took it in trust for the marital community, resulting from the fact that the purchase-money was community property.

Id. — Quieting Title — Action against Wife's Vendees — Nonsuit. — If the husband is entitled to any relief against the wife's vendees, in such case, he is only entitled to have it adjudged in a proper action that they hold the legal title to the land in trust for the marital community, and cannot maintain an action against them to quiet his title thereto, and may be properly nonsuited in such action, upon proof of the facts as claimed by him.

Appeal from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*H. T. Gordon,* and *Johnson, Johnson & Johnson,* for Appellant.

The conveyance to the wife of plaintiff vested the title in the community. The property thereby became community property, subject to conveyance by the husband only. (Civ. Code, sec. 164; *Schuyler* v. *Broughton,* 70

Cal. 282; *McComb* v. *Spangler,* 71 Cal. 418; *Morgan* v. *Lones,* 78 Cal. 58; *Tolman* v. *Smith,* 85 Cal. 281.)

*Isaac Joseph, Matt F. Johnson,* and *A. L. Hart,* for Respondents.

The legal title, as the result of the conveyance in question, vested in the wife, and not in the marital community, of which she constituted a member. (*Swain* v. *Duane,* 48 Cal. 358.) Conceding that while the legal title was in the wife, the equitable title was in the community, still this action could not be maintained as an action to quiet title. (*Von Drachenfels* v. *Doolittle,* 77 Cal. 295.) The deed to the wife contained a recital that the property was conveyed to her as her separate property and estate, and a party who traces his title through a regularly executed deed of conveyance is concluded by its recitals. (*Simson* v. *Eckstein,* 22 Cal. 580; Washburn on Real Property, p. 94, subd. 26; *Douglass* v. *Scott,* 5 Ohio, 194, 199; *Scott* v. *Douglass,* 7 Ohio, 227; *Carver* v. *Astor,* 4 Pet. 85; *Jackson* v. *Ireland,* 3 Wend. 99.) Assuming, for the purposes of the argument, that the property in controversy became the community property of the plaintiff and his wife, upon the execution of the deed to her, the proceeds of the sale by her to the respondent Crampton became community funds, subject to the absolute control and disposition of the plaintiff; and as the plaintiff never returned, or offered to return, to the respondent Crampton the money paid by him for the property, he cannot recover, under the maxim that he who seeks equity must do equity. (*Simson* v. *Eckstein,* 22 Cal. 595; *Hughes* v. *Davis,* 40 Cal. 121; *Brodrib* v. *Brodrib,* 56 Cal. 567; *Weber* v. *City of San Francisco,* 1 Cal. 457; *Gunter* v. *Lappan,* 7 Cal. 594; *Gregory* v. *Ford,* 14 Cal. 143; 73 Am. Dec. 639; *State* v. *McCauley,* 15 Cal. 458; *Oakland* v. *Carpentier,* 21 Cal. 642.)

VANCLIEF, C. — This is an action founded upon section 738 of the Code of Civil Procedure, to quiet plaintiff's alleged title to a block of land in the city of Sacramento.

The plaintiff brings this appeal from a judgment of nonsuit against him, rendered upon the evidence on which he rested his case.

The substance of the complaint is, that the plaintiff is, and for long time has been, the owner of the land in question, and that the defendants, without any right or title whatever, claim and assert an interest therein adverse to the plaintiff. Prayer that the adverse claims of defendants may be determined, that plaintiff be adjudged to be the exclusive owner of the land, etc. The complaint was not verified.

The separate answers of the defendants each specifically denies the alleged ownership of the plaintiff, and claims an interest in a portion of the land, derived from Coleman and Bates through a conveyance from Julia K. Shanahan, the wife of the plaintiff; and further alleges that the plaintiff is estopped from denying defendants' title, and especially sets forth the grounds of the alleged estoppel.

At the commencement of the trial, it was admitted by all the parties that Coleman and Bates were the owners of the land on February 27, 1884.

The plaintiff then put in evidence the following deed from Coleman and Bates to plaintiff's wife: —

"We, William P. Coleman and George E. Bates, of the county of Sacramento, state of California, grant to Julia K. Shanahan, of the same place, as her separate property and estate, all that real property situate in the city of Sacramento, state of California, and designated as lots Nos. 1, 2, 3, 4, 5, 6, 7, and 8, in square bounded by S and T, and Twenty-ninth and Thirtieth streets (29th and 30th streets).

" City taxes now due to be paid by the grantee.

" Consideration, four hundred dollars.

" Witness our hands this twenty-seventh day of February, 1884.

[Seal]     °        "GEO. E. BATES.

[Seal]               "W. P. COLEMAN."

This deed was duly recorded on the eighteenth day of June, 1884.

The plaintiff next put in evidence his own deposition, in which he deposed that he and Julia K. Shanahan were husband and wife, having been married in October, 1882, and having lived together as such ever since; that his wife never had any separate property; that the whole consideration for the deed of Coleman and Bates to his wife was paid from his earnings since his marriage; that it was his intention to have said deed executed to himself and wife, and he did not know that it was executed to her alone until about three months after it was executed; that he had never sold or disposed of the land, nor authorized any other person to do so; and that he had made and paid for improvements on the land, and had paid the taxes thereon until July, 1887.

On cross-examination, he deposed that his wife had sold the land to the defendant Crampton, in July, 1887, without his knowledge or consent, but that he had notice of such sale about one month thereafter, and more than two years before the commencement of this action, yet had never asked his wife to convey the land to him, because he thought it was all right; that he had never notified Crampton that he (plaintiff) claimed any interest in the land, nor that his wife had no authority to sell it, until he did so by the commencement of this action; that he had never restored, or offered to restore, to Crampton any part of the purchase-money paid by the latter to his wife; that he had never received any part of that purchase-money; that his wife had always claimed the land as her separate property, and claimed the right to do as she pleased with it and the purchase-money received for it; that he did not notify Crampton of his claim to the land before the commencement of this action, because he did not know that he was entitled to any remedy until a short time before this suit was commenced; and he further deposed that his wife, without his knowledge or consent, executed a mortgage on the land in June, 1885, to the Germania Building and Loan

Association, to secure a loan of $550, of which he had no notice until eight months thereafter.

Plaintiff next put in evidence a deposition of Maurice Dwyer, who deposed that he was the father of plaintiff's wife; that she had no separate property when she married, and had acquired none since, to his knowledge; and that the sale of the land in question by plaintiff's wife has caused much trouble between her and the plaintiff.

The foregoing is the substance of all the evidence on which plaintiff rested his case.

The motion for nonsuit was made on the following and other grounds: 1. That it appears by the deed from Coleman and Bates to Mrs. Shanahan that it was the intention of the grantors to convey the property to her as her separate property, and that it was so conveyed, and if plaintiff has any equitable rights to the property he cannot assert them in this action to quiet his title; 2. That the plaintiff has not restored or offered to restore to Crampton the purchase-money paid by him to plaintiff's wife; and 3. That under the circumstances appearing, the plaintiff is estopped from denying that the land was the separate property of his wife.

I think the nonsuit is justifiable on the ground first above stated. The legal title was conveyed to the wife. (*Swain* v. *Duane*, 48 Cal. 359.) If, as testified by the plaintiff, the purchase-money was paid from community property (his earnings after marriage), and the wife took the title in her name, without his knowledge or consent, and held it adversely to him, she took and held it in trust for the marital community. The trust resulted from the fact that the purchase-money was community property. (Civ. Code, sec. 853; *Hill* v. *Bugg*, 52 Miss. 401; *Bent* v. *Bent*, 44 Vt. 555.) Having, at least, the legal title, she could convey it to the defendants; and if the plaintiff is entitled to any relief against them, it can be only an adjudication that they hold the legal title in trust for the benefit of the marriage community. But it is well settled that such relief is not appropriate in an

action merely to quiet plaintiff's title, under section 738 of the Code of Civil Procedure. (*Learned* v. *Welton*, 40 Cal. 349; *Von Drachenfels* v. *Doolittle*, 77 Cal. 295; *Brewer* v. *Houston*, 58 Cal. 345; *Harrigan* v. *Mowry*, 84 Cal. 457.) I think the judgment should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., concurring. — I concur in the judgment solely upon the ground of *Swain* v. *Duane*, 48 Cal. 359. If the question were an open one, I should be of opinion that land conveyed to a wife for a money consideration is presumptively community property, subject to the control of the husband, and that its character could not be changed by any language which the grantor might choose to put into the deed.

Hearing in Bank denied.