[L. A. No. 2570. Department Two.—December 30, 1910.]

## In the Matter of the Estate of JOHN M. DAVIDSON, Deceased.

ESTATE OF DECEASED PERSONS—PROBATE HOMESTEAD—LANDS SUBJECT TO.—The court in the administration of the estate of a decedent cannot set apart lands of the estate as a probate homestead, unless they were lands upon which a homestead could have been impressed in the lifetime of the deceased.

ID.—LAND HELD IN COTENANCY.—Under both the early homestead acts, and the present code provisions respecting homesteads, a homestead cannot be created by one joint tenant in lands held in joint tenancy or as tenants in common, except as authorized by the act of 1868 (Stats 1868, p. 116), which provides that a homestead may be declared upon land of a cotenancy where the declarant is in the exclusive occupation of it and residing thereon.

ID.—COTENANCY BETWEEN HUSBAND AND WIFE—HOMESTEAD CANNOT BE DECLARED ON HUSBAND'S INTEREST ALONE.—Where land is held in cotenancy by a husband and his wife, he holding an undivided half interest as community property, and she the other half as her separate property, and both being in actual occupation thereof, neither he nor she jointly or severally could make, in the lifetime of the husband, a valid declaration of homestead upon his undivided interest in the cotenancy property, so as to affect that interest alone with the homestead characteristics, separate and distinct from the undivided interest of the wife therein.

ID.—PROBATE HOMESTEAD ON HUSBAND'S INTEREST ALONE.—After the death of the husband, the probate court cannot set apart to the wife as a homestead the mere undivided interest of the husband in the cotenancy property, leaving her own undivided interest therein unimpressed with the homestead characteristics.

APPEAL from an order of the Superior Court of San Diego County sustaining an opposition and demurrer to an

application by a widow to have a probate homestead set apart to her out of the estate of her deceased husband.    T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

J. B. Mannix, for Respondents.

LORIGAN, J.—This is an appeal by the widow from an order sustaining an opposition and demurrer to her application to have a probate homestead set apart to her out of the estate of her deceased husband.

The petition stated that decedent died intestate and childless, leaving surviving him his widow, the petitioner; that at his death he was the owner of an undivided half, as his separate property, of two lots in the city of San Diego, the petitioner being the owner in her separate estate of the other undivided one half thereof; that on the premises were erected a dwelling-house, barn and other improvements made during the marriage, the cost thereof being paid, one half from the community funds, the other half out of the separate funds of the petitioner; that the undivided one half of the realty owned by decedent was worth without the improvements six hundred dollars; that the value of his undivided one half of the improvements so made from community funds was nine hundred dollars, and that the undivided half of the land and improvements vested in the wife as her separate property was of the same value; that said improvements were placed on the property during the lifetime of the decedent for the purpose of making the premises a home for himself and petitioner which they occupied as such up to the time of his death and which petitioner still occupies; that no written declaration of homestead was made in the lifetime of decedent by himself and petitioner or either of them.

The prayer was that the interest of the estate of the decedent in the property be set apart by the court to the widow as a homestead—for life as to the realty, and as to the improvements absolutely.

The demurrer and opposition to the petition was interposed

by certain heirs at law of decedent, on the ground that the court had no power to impose a homestead on the undivided interest of the estate of the decedent in the property.

It will be noted that what the superior court sitting in probate was asked by the widow to do was, to select and set apart to her, as a probate homestead, the undivided interest of her husband alone in lands held by them during his lifetime as tenants in common.

It is, of course, well settled that the court in the administration of the estate of a decedent cannot set apart lands of the estate, as a probate homestead, unless they were lands upon which a homestead could have been impressed in the lifetime of the deceased. (*Estate of Noah*, 73 Cal. 590, [2 Am. St. Rep. 834, 15 Pac. 290]; *Estate of Carraher*, 107 Cal. 618, [40 Pac. 1032].) So the question presented here is, could either spouse during the lifetime of the husband impress a homestead solely on his undivided interest in property held in common by both. If this could have been done the court erred in refusing to make the homestead order asked by petitioner.

It has uniformly been held by this court commencing with the early cases of *Wolf* v. *Fleischacker*, 5 Cal. 244, [63 Am. Dec. 121], and *Giblin* v. *Jordan*, 6 Cal. 416, followed by a number of other decisions, including the late cases of *Schoonover* v. *Birnbaum*, 148 Cal. 551, [83 Pac. 999], and *United States Oil etc. Co.* v. *Bell*, 153 Cal. 781, [96 Pac. 901], that under both the early homestead acts, and the present code provisions respecting homesteads, a homestead may not be created by one joint tenant in lands held in joint tenancy or as tenants in common, except as authorized by the act of 1868 (Stats. 1867-8, p. 116), which provides that a homestead may be declared upon land of a cotenancy where the declarant is in the exclusive occupation of it and residing thereon. Under this act it was held in *Higgins* v. *Higgins*, 46 Cal. 259, that a wife might impress a valid homestead upon her husband's interest in a cotenancy where these conditions existed.

The cases above cited, and others, including also the pertinent provision of the act of 1868, are considered and discussed in the recent case of *Swan* v. *Walden*, 156 Cal. 195, [134 Am. St. Rep. 118, 103 Pac. 931], and it is shown that the right of a cotenant to impress a homestead upon land held in cotenancy

(except where the conditions prescribed by the act of 1868 are met) is denied in the earlier decisions because, on account of the nature of the tenancy, there can be no segregation or delimitation of the boundaries of the particular estate, or interest in the property of the cotenancy sought to be impressed whereby it can be determined as to what particular part of the land the homestead attaches; and that the rule so established by these decisions has been uniformly followed and is still adhered to.

It is insisted, however, by appellant that these cases only have application where a cotenancy exists between the husband or wife and third persons and do not apply where, as here, the tenancy in common existed between husband and wife solely, and relies upon the decision in this very case of *Swan* v. *Walden,* which, she contends, makes this distinction, and upon the authority of which she claims that she is entitled to have the interest of her deceased husband, as cotenant in the property, set apart to her as a probate homestead.

In the case relied on, Walden and his wife were the owners in joint tenancy of two lots upon which they resided, and upon both of which Mrs. Walden made a declaration of homestead, and the question presented on the appeal there was, whether such a homestead could be legally created by her as joint tenant in the property held in cotenancy.

The court in deciding the question, after declaring that the rule denying the right of a cotenant to impress a homestead upon the land of the cotenancy, except under the conditions prescribed by the act of 1868, still obtained as a rule of property in this state, and after referring to the case of *Giblin* v. *Jordan,* 6 Cal. 416, where it was held that under it the husband could not impress a homestead upon property held in joint tenancy by himself, wife, and daughter because as to the tenancy they were entire strangers to each other, said:—

"But the case which is here presented is different in this respect. Here the wife seeks to impress the whole land with the homestead characteristic. This she may do as to her own interest, which is her separate property, and this she may do as to her husband's interest, since she has the power to declare a homestead upon the husband's separate property, though he has no such power over hers. The homestead thus attempted to be declared is upon land, all of which is susceptible at the

instance of the wife of having the homestead characteristics . impressed upon it. There is no occasion for segregation or partition or delimitation of boundaries, since the homestead attaches to all of the estate and all of the land. The reasons which, in the view of this court, make it legally impossible for the husband to declare such a homestead when there was a cotenancy between himself, his wife, or third persons, does not exist in the peculiar instance of the case at bar."

It will be observed that in this Swan case the court was dealing with a selected homestead, impressed by the wife upon land held in cotenancy solely by herself and husband, and her right to do so is sustained because, as she had a right to declare a homestead upon her separate property, and also upon the separate property of her husband, the effect of her declarations was to impress the entire land, and the entire interests therein held by them in joint tenancy, with the homestead characteristics; that within the spirit and intent of the act of 1868 authorizing a homestead to be filed where a cotenant was in the exclusive occupation of the land of the cotenancy, Mrs. Walden had such exclusive possession for such purpose. It was her peculiar position under the homestead law which made it possible for her to impress the land in its entirety that took the homestead declared by her out of the general rule denying the right of a cotenant to create a valid homestead on cotenancy property. It is clearly pointed out in that opinion that, in the peculiar instance of the homestead there under consideration, as the entire interest in the tenancy was susceptible to the impress of a homestead upon it by the wife, the reason supporting the general rule denying the right of the husband to declare a homestead upon land held in cotenancy by himself or wife or third parties did not apply.

Here, however, an entirely different question is presented. We are not dealing with a selected homestead which the court is asked to set apart to the surviving wife. What was sought in the matter at bar in the superior court, was to have that court select, designate, and set apart as a probate homestead, not the land of the cotenancy in its entirety, but the undivided interest of the deceased cotenant therein. If the superior court could do this, it could only do it because in the lifetime of the decedent either he or his wife could have impressed a homestead on this particular cotenancy interest alone. Neither of

the spouses, however, could do this. The husband under no circumstances could declare a homestead which would embrace, with his own interest, that of his wife in the cotenancy property, because he is prohibited under the homestead law from declaring a homestead on the separate property of his wife unless with her consent manifested by making or joining in the making of the declaration. Such a general declaration, as it would embrace the whole of the land and the entire interest in the cotenancy, would not be affected by the general rule. But neither the husband nor the wife jointly or severally could in the lifetime of the husband have made a valid declaration of homestead upon his undivided interest in the cotenancy property, so as to affect that interest alone with the homestead characteristics, separate and distinct from the undivided interest of the wife therein. The right to do this, as we have seen, is distinctly denied by the decisions except under certain conditions provided for in the act of 1868. That act, however, permits a valid homestead to be declared upon the undivided interest of a cotenant in the cotenancy property only when he is in the exclusive occupation of the property, having it inclosed, and in *Higgins* v. *Higgins*, 46 Cal. 259, the right of the wife to declare a valid homestead to the extent of the husband's interest therein, though she had no interest in the property, was sustained under the act because the husband was in the actual occupation of the property to the exclusion of the other cotenants having interests therein. But the provisions of the act have no application under the facts recited in the petition at bar. During the lifetime of the husband both spouses were in actual occupation of the property; there was no exclusive occupation within the terms of the act which would have authorized the wife to declare a homestead on her undivided interest or authorized either of them to declare it upon the undivided interest of the husband.

While it is claimed that the cases recognize a distinction in the application of the general rule precluding a cotenant from impressing a homestead on land held in cotenancy, where the cotenancy exists between the husband and wife, and between the husband and strangers, no such distinction has been pointed out by counsel. In fact, in *Giblin* v. *Jordan*, 6 Cal. 416, the existence of any such distinction was expressly denied.

Undoubtedly, under the rule in *Swan* v. *Walden*, 156 Cal.

195, [134 Am. St. Rep. 118, 103 Pac. 931], during the lifetime of her husband petitioner might have declared a valid homestead upon the entire cotenancy property, and on the death of her husband the superior court sitting in probate would have set such homestead apart to her. She, however, declared no such homestead but asks the court now to do what neither she nor her husband could have done in his lifetime,—namely, to impress the undivided interest of her husband in the cotenancy with a homestead while her undivided interest has not been and cannot be so impressed. The general rule which made it legally impossible for the homestead to have been impressed upon the undivided interest of the husband alone in his lifetime makes it equally impossible for the superior court to do so, and it properly denied the application of the petitioner.

The order appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.