[Civ. No. 1163. Second Appellate District.—November 13, 1912.]

OLIVER D. OSBORN, Respondent. v. MRS. BELLE MILLS and W. S. MILLS, her Husband et al., Defendants; C. D. WARDEN, Appellant.

ACTION BY HUSBAND TO QUIET TITLE TO COMMUNITY PROPERTY AGAINST PURCHASER UNDER ASSIGNEE IN BANKRUPTCY OF WIFE—NOMINAL CONSIDERATION—NOTICE OF FACTS.—A husband who has purchased community property with his own earnings, which was held in the wife's name for the marital community, may maintain an action to quiet title thereto under section 738 of the Code of Civil Procedure, against a purchaser under proceedings in bankruptcy against the wife, who took for a nominal consideration, with notice that the property belonged to the marital community, it appearing that the wife had never claimed any title thereto, and had never conveyed the same to any person, and had disclaimed any interest therein in the bankruptcy proceedings.

ID.—LEGAL TITLE TO COMMUNITY PROPERTY HELD BY WIFE.—If the property was community property, the legal title remained in the husband, notwithstanding that the deed was taken in the name of the wife. The whole title, both legal and equitable, at once vests in the husband, by means of the deed to the wife. The nature of

the property is to be determined from the nature of the transaction, without reference to who retains the title.

ID.—DEED IN BANKRUPTCY INEFFECTIVE.—Since the wife had no interest in the community property, the deed to the appellant from the trustee in bankruptcy of the wife, conveyed no title to such property to appellant, who was charged with notice of the character of the property when he made the purchase and paid a merely nominal consideration therefor.

ID.—CONCLUSIVE PRESUMPTION OF LEGAL TITLE IN WIFE INAPPLICABLE. The conclusive presumption of legal title in the wife under section 164 of the Civil Code, arises only when she conveys to a purchaser or encumbrancer in good faith and for a valuable consideration. It is inapplicable in this case, in which no such facts exist.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

C. D. Warden, *in pro. per.*, and John F. Poole, for Appellant.

O. H. Myrick, for Respondent.

ALLEN, P. J.—The action in the court below was one brought by plaintiff under section 738 of the Code of Civil Procedure, against the defendants, alleging that they claimed an estate or interest in real property adverse to him, and for the purpose of determining such adverse claim. The facts material for consideration upon this appeal, as alleged in the complaint are: That plaintiff and one Kitturia B. Osborn are husband and wife; that plaintiff was the owner and in possession of certain described real property; that the possession thereof and the title thereto were acquired by plaintiff in 1903. and the consideration paid therefor was from the personal earnings of plaintiff while a member of the marital community; that for the personal convenience of plaintiff the conveyance was made to his wife to hold for the marital community, subject to the disposition and control of plaintiff; that said wife never made any claim or asserted any right to said premises as her separate property or estate; that said wife never conveyed, transferred, or disposed, or attempted to convey, transfer, or dispose of said property; that on the

twelfth day of March, 1906, the wife was declared a bankrupt and a trustee appointed; that said trustee, in the year 1908, proceeded to sell and did sell said premises to defendant Warden for the sum of twenty-five dollars, the premises at the time being of the value of one thousand five hundred dollars; that plaintiff had no knowledge or notice of such attempted sale until in the year 1910; that Warden when he purchased said premises had full knowledge that the premises belonged to the marital community. The ownership and seisin of plaintiff were not denied; nor was it denied, except in an evasive way, that defendant Warden when he purchased said premises had full knowledge of the fact that the same were community property. The court found all of the allegations of the complaint to be true, and that the allegations of the answer and of the special defenses set forth therein were untrue, and rendered judgment in favor of plaintiff, adjudging plaintiff to be the owner of said premises and that the defendants' claims thereto were invalid and groundless, and quieting the title of plaintiff to said premises. From this judgment, upon the judgment-roll alone, defendant Warden appeals.

The principal contention of appellant is that plaintiff under the facts of the case possessed no right to maintain the action under section 738 of the Code of Civil Procedure. The right of the husband to maintain an action of this character where the real property involved belongs to the community, although conveyance thereof has been made to the wife and no purchaser has acquired title thereto in good faith and for value, has been recognized by our supreme court in a number of instances. (*Fanning* v. *Green*, 156 Cal. 280, [104 Pac. 308]; *Fulkerson* v. *Stiles*, 156 Cal. 703, [26 L. R. A. (N. S.) 181, 105 Pac. 966].) Appellant relies upon *Von Drachenfels* v. *Doolittle*, 77 Cal. 295, [19 Pac. 518], and *Shanahan* v. *Crampton*, 92 Cal. 13–14, [28 Pac. 50], but these cases do not, in our opinion, determine the matters herein involved. The court finds, and it must be assumed from competent evidence, that the wife of plaintiff possessed and claimed no interest in this property. "If the property was community property, the legal title remained in the husband, notwithstanding that the deed was taken in the name of the wife. . . . The whole title, both legal and equitable, at once vests in the husband

by means of the deed to the wife." (*Peiser* v. *Griffin*, 125 Cal. 12, [57 Pac. 691].)  The nature of the property is to be determined "from the nature of the transaction without reference to who retains the title." (*Killian* v. *Killian*, 10 Cal. App. 318, [101 Pac. 808].)  Appellant's deed from the trustee in bankruptcy conveyed to him only such interest as the wife had.  She having no interest, the deed conveyed none; in addition to which he had full notice of the facts of the case at the time of the purchase and payment of the nominal consideration.  It is found by the court that the wife never purported to make any conveyance of these premises to the trustee, but, on the contrary, disclaimed any interest therein in the bankruptcy proceedings.  Under section 164 of the Civil Code, the conclusive presumption of title arises only where the wife conveys to a purchaser or encumbrancer in good faith and for a valuable consideration, none of which facts exist in the case at bar.

We see no error in the record and are of opinion that the judgment has support from the findings, and the same is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1913.