[Sac. No. 2568.　Department Two.—May 21, 1918.]

In the Matter of the Termination of the Homestead Interest of SARAH S. BAILARD, Deceased. FRANK BAILARD, Respondent; GILBERT BAILARD et al., Appellants.

HUSBAND AND WIFE—CONVEYANCE TO WIFE PRIOR TO 1889—GRANT, BARGAIN, AND SALE DEED—COMMUNITY PROPERTY.—Under section 164 of the Civil Code, prior to its amendment in 1889, an interest in land conveyed to a married woman by grant, bargain, and sale deed became community property.

ID.—HOMESTEAD DECLARATION—LAND PARTLY SEPARATE PROPERTY AND PARTLY COMMUNITY.—Where a homestead was declared by a married woman on land, one undivided half of which was her separate property and the other half community property, the half which was her separate property became impressed with the characteristics of a homestead selected by the wife from her separate property, and the

other half with the characteristics of a homestead selected by the wife from the community property, in the absence of any selection by her husband.

ID.—TITLE ON DEATH OF WIFE.—In such case, on the death of the wife, the title to the undivided half which was community property, and on which the homestead was selected by the wife and recorded while both husband and wife were living, vested, under section 1474 of the Code of Civil Procedure, absolutely in the surviving husband, and the undivided half which was the separate property of the wife, and on which the homestead so selected by her was recorded, also vested absolutely in the surviving husband under the same section.

APPEAL from an order of the Superior Court of Solano County. W. T. O'Donnell, Judge.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Appellants.

Raines & Devlin, for Respondent.

WILBUR, J.—This is a proceeding brought under the provisions of section 1723 of the Code of Civil Procedure, by the surviving husband, to be declared the owner of a homestead vesting in him by reason of his wife's death, by virtue of the provisions of section 1474 of the Code of Civil Procedure. The property was ordered set apart to petitioner by the lower court, and the children of petitioner and his deceased wife appeal to this court from that order. After the marriage of the petitioner and decedent an undivided one-half interest in the property in question was conveyed to him, and thereafter the same grantor conveyed the other undivided one-half interest to the decedent. It is correctly claimed by appellants that inasmuch as the deed to the wife was made before the amendment of 1889 to section 164 of the Civil Code and was in form a deed of grant, bargain, and sale, the title to the half so conveyed to her became community property. Thereafter certain conveyances were made between the husband and wife of undivided half interests therein, by which the appellants claim the wife at the time the homestead declaration was filed by her thereon was vested with an undivided one-half interest as her separate estate and the husband a one-half interest as community property; while the respondent claims that the entire title was thereby vested in the wife as her separate

estate, and that, for that reason, upon her death the property vested in him as surviving husband, under the provisions of section 1474 of the Code of Civil Procedure. It is unnecessary to determine which of these two contentions is correct. If we take appellants' view, namely, that the wife owned an undivided one-half of the property as her separate property and that the other half was vested in the community, the homestead declaration by her impressed the undivided half interest in the property held by her as her separate property with the characteristics of a homestead selected by the wife from her separate property, and also impressed the other half of the property owned by the community with the characteristics of a homestead selected by the wife from the community property, in the absence of any selection by her husband. (*Swan* v. *Walden,* 156 Cal. 195, [134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931] ; *Estate of Davidson,* 159 Cal. 98, [115 Pac. 49].) The undivided half of the property which was community property, therefore, vested in the petitioner upon his wife's death, under the following clause of section 1474 of the Code of Civil Procedure: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both are living, was selected from the community property, . . . it vests, on the death of the . . . wife, absolutely in the survivor." The undivided half which was the separate property of the wife vested in the husband upon her death under the following clause of the same section: "If the homestead selected by the . . . wife . . . was selected . . . from the separate property of the persons selecting or joining in the selection of the same, it vests, on the death of the . . . wife absolutely in the survivor." The same result follows from the same provision if the property was all her separate property, as contended by respondent.

There is no merit in the contention that the description in the homestead is insufficient.

The order is affirmed.

Lorigan, J., and Melvin, J., concurred.