## RUSSELL v. LAUGHARN.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1927.

### No. 5097.

1. **Husband and wife** ⊙=254—**Money paid by bankrupt married woman in buying homestead, having been borrowed without security and repaid with community funds, held "community property."**

Money which bankrupt, a married woman, paid in buying property, having been borrowed by her from a friend without security and repaid out of community funds, is to be deemed "community property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Community Property.]

2. **Bankruptcy** ⊙=396(5)—**Under California statutes, held, maximum homestead exemption in property of greater value bought with funds of wife and community should be apportioned ratably to the two estates (Civ. Code Cal. §§ 161, 162, 164, 167, 171, 172, 172a, 1237-1265; Code Civ. Proc. § 1474).**

Under Civ. Code Cal. §§ 161, 162, 164, 167, 171, 172, 172a, as to separate and community property of spouses, and sections 1237-1265, and Code Civ. Proc. § 1474, as to homestead, where wife bought property paying on the purchase price $2,000 of her separate money and $5,500 of community funds, and filed a declaration of homestead thereon, and afterwards became bankrupt, *held*, that the maximum homestead exemption of $5,000 should be apportioned ratably to the two estates, so that, the value of the property being the same as when bought, only one-third of her $2,000 interest is subject to her debts; the community interest not being subject thereto.

3. **Bankruptcy** ⊙=400(3)—**If bankrupt will pay to trustee value of her nonexempt interest in homestead, it should not be sold.**

Where only part of bankrupt's interest in homestead is exempt, the property should not be sold in bankruptcy proceedings, if bankrupt will pay to the trustee the value of her nonexempt interest.

Petition to Revise, in Matter of Law, an Order of the District Court of the United States for the Southern Division of the Southern District of California.

In the matter of Elizabeth B. Russell, bankrupt. Petition by bankrupt, against Hubert F. Laugharn, trustee in bankruptcy of petitioner's estate, to revise an order in respect to homestead exemption claim. Reversed, with directions.

Morin, Newell & Brown, of Pasadena, Cal., for petitioner.

Hubert F. Laugharn, of Los Angeles, Cal., for respondent.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1] This is a petition for revision (under section 24b of the Bankruptcy Act [Comp. St. § 9608]), by which Elizabeth B. Russell, the bankrupt, challenges the correctness of an order below in respect to her claim of homestead exemption. Petitioner is a married woman, and with her husband has lived in the state of California for many years. The property in question she individually contracted to purchase on September 22, 1923, for the agreed price of $14,500. Of the $3,000 paid when the contract was executed, admittedly $2,000 was her separate estate, and the other $1,000, having been borrowed by her from a friend without security and repaid out of community funds, we think is also to be deemed community property. Schuyler v. Broughton, 70 Cal. 282, 11 P. 719.

On October 11, 1923, petitioner, as was her right under the California Law, filed for the benefit of herself and her husband a declaration of homestead in due form, and the declaration is conceded to be valid. Having thereafter gone into business upon her own account, and having incurred debts in con-

nection therewith which she was unable to pay, on July 8, 1926, she was adjudged a bankrupt. In the meantime she had paid on the contract of purchase, with what are conceded to have been community funds, not given or loaned to her by her husband, amounts aggregating $4,500, leaving a balance still to be paid of $7,000.

Contending that community property was not liable for her individual debts, and hence not subject to administration in the bankruptcy proceeding, and pointing out that her separate interest, being of the value of only $2,000, was less than the maximum exemption allowed by law, she petitioned that the entire property be set apart as exempt and not subject to administration or the payment of her debts. This the referee declined to do, but ordered a sale of the property, with directions that out of the proceeds the balance of the purchase price first be paid, that $5,000, which is the maximum homestead exemption, be set apart for the use of the bankrupt and her husband, and the resi· due be held as available for the payment of claims against the estate. No adjudication was made touching the several rights of herself and her husband in the $5,000 so to be set apart for them. By the District Judge petitioner's exceptions were overruled, and the referee's order was confirmed; hence this petition for review.

[2] Under the statutes of California all property acquired by either spouse after marriage, by gift, bequest, devise, or descent, is separate property, and all other property acquired by either is community property. The husband has the management and control of the community property, and it is not liable for the contracts of the wife made after marriage. Civil Code Cal. §§ 161, 162, 164, 167, 171, 172, and 172a. Upon the recording of a declaration of homestead the property described therein up to a value of $5,000 becomes exempt from sale for the debts of either spouse. The wife may select such homestead from the separate property of either or of both, or from the community property, and hence her declaration will operate to exempt the entire title owned, whatever may be the several interests of the husband and wife and the community therein. Civil Code Cal. §§ 1237–1265. Indeed, the declaration cannot be effectively made upon an undivided part interest. In re Estate of John M. Davidson, 159 Cal. 98, 115 P. 49.

In the absence of an agreement to the contrary, interests in property purchased by means of both separate and community funds are to be ratably apportioned. See, general-

ly, Schuyler v. Broughton, 70 Cal. 282, 11 P. 719; Shanahan v. Crampton, 92 Cal. 9, 28 P. 50; Shaw v. Bernal, 163 Cal. 262, 124 P. 1012; In re Bailard, 178 Cal. 293, 173 P. 170; Varni v. De Voto, 10 Cal. App. 304, 101 P. 934; Osborn v. Mills, 20 Cal. App. 346, 128 P. 1009. A declaration of homestead does not operate to change or otherwise affect the underlying title; it simply gives to the property sanctuary as against creditors. Upon abandonment of the homestead in the manner provided by law, the rights of the original owners continue as they were before the declaration, and upon the death of the declarant while the declaration is in force title descends as provided in the statutes. Code Civ. Proc. Cal. § 1474.

Applying these principles, we are unable to see how either the order complained of or the entire contention of the petitioner can be sustained. Assuming, as the record tends to show, that the property is now worth just what the bankrupt agreed to pay for it, the aggregate value of the interests of both herself and the community therein is $7,500, of which her interest is $2,000, and that of the community $5,500. Petitioner's position that, because it was made prior to the declaration, her entire investment is exempt, necessarily implies that the homestead characteristics may be impressed unequally upon one of two or more undivided part interests, a view which would be tantamount to holding that they may be impressed exclusively upon one of such interests, directly in conflict with In re Estate of John M. Davidson, supra.

The referee's theory is not made clear, but, if the $5,000 exemption provided for in his order is all to be deemed a part of the $5,500 community investment, the order plainly disregards the principle of the Davidson Case; and if, on the other hand, it represents the separate investment of the bankrupt and $3,000 of the community, the residue is community property, which under section 167 is not a part of the bankrupt estate. We are of the opinion that the maximum homestead exemption value of $5,000 is to be apportioned ratably to the two estates, and hence two-thirds of petitioner's $2,000 investment, or $1,333.33, is exempt. A like fractional part of the community investment —that is, $3,666.66—also is exempt; but that we need not consider, for the community interest is not subject to administration.

[3] Accordingly the order below is reversed, with directions to take further proceedings in harmony herewith. It would seem to be unnecessarily harsh to require the property to

be sold, if the bankrupt is willing to pay to the trustee the net value of her nonexempt interest, determined consistently with the views herein expressed, and in case of the tender of such amount it should be accepted, and an appropriate order made relieving the entire property from further administration. Costs of this review are equally divided.