No, 1,465.

MERIT WELTON et al., Appellants, v. CHARLES T. H. PALMER et al.,
RESPONDENTS.

INVALID DEED — EFFECT OF. — An instrument which is not *prima facie* valid, but which exhibits on its face its own invalidity, cannot constitute the basis of an action.

DEED BY TRUSTEE, WITH ASSENT OF CESTUI QUE TRUST. — Where the deed creating the trust empowers the trustees or the survivor of them, "with the approbation or at the request of" the *cestui que trust* "expressed in writing, to sell and dispose of the trust estate or any part of it," such approbation is manifested by joining in the execution and acknowledgment of a deed by which the trustee effects the sale and conveyance of the estate.

IDEM — EFFECT OF. — A deed so executed and acknowledged vests in the grantee the entire estate in the lands therein described as fully as it was held by the grantors under the trust deed.

IDEM. — CONSIDERATION. — Where the *cestui que trust* assented to the deed in compliance with the terms of the trust, she could not thereafter complain that there was no consideration, and her heirs have, in this respect, no greater rights than she possessed.

A DEFENDANT IN POSSESSION, not directly interested in the question in litigation between other parties to the action, should not be affected by the results of such litigation.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

Judgment was rendered in the Court below upon a demurrer to the complaint.

The other facts are stated in the opinion.

*Hale & Edmonds*, for Appellants.

*T. H. Hittell*, *A. J. Gunnison* and *Peter Dempsey*, for Respondents.

*Wilson & Crittenden* and *Doyle & Barber*, of Counsel.

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., and SPRAGUE, J., concurring:

After a careful consideration of the arguments of counsel for plaintiffs, we cannot resist the conclusion that the complaint is defective in several particulars. It is alleged in the complaint that the deed to George Brown was void,

(T.)

because both trustees did not unite in the deed; because the execution of the deed by Elizabeth S. Welton—the *cestui que trust*—was without legal acknowledgment; because it was made without her approbation, or request in writing, and because it was in violation of the trust; and the plaintiff's counsel repeat, that the deed was void on its face, and say that no interest, or shadow of interest, passed to Brown by the deed. The plaintiffs, not being in possession, are not in a position to claim the right to have the deed set aside, as a shadow upon their title, or as the basis of an adverse title; and, even if they were in possession, they could not demand relief against a deed, which, upon their own construction, is void on its face. An instrument which is not *prima facie* valid, but which exhibits on its face its own invalidity, cannot constitute the basis of an action, because it is impossible that it should occasion injury to anybody.

The deed to Nathaniel Gray, and the deed to Catherine E. Campbell, were severally executed by Palmer, the surviving trustee, in whom the legal title vested by the terms of the trust deed, and by Elizabeth S. Welton, the sole *cestui que trust*, and by Merrit Welton, her husband. The trustees, or the survivor of them, were empowered, by the deed creating the trust, "with the approbation or at the request of the said Elizabeth S. Welton, expressed in writing, to sell and dispose of the said trust estate, or any part of it." It is impossible to conceive of any mode, in which she could more clearly and positively manifest and express her approbation of a sale and disposal of the trust estate, than by joining in the execution and acknowledgment of the deed, by which the trustee effected the sale and conveyance of the estate. She held the beneficial interest, while the trustee held the legal title. There was nothing in the trust deed, that either expressly or by implication restrained the alienation of the property during coverture; but, on the contrary, the power was expressly granted. Nor was any right, title, interest or power in or over the estate, reserved or created by the trust deed in favor of any person, other than the *cestui que trust* and the trustees therein mentioned. These deeds are alleged to be invalid,

on the ground that they were executed without consideration and in violation of the trust. The *cestui que trust* manifested her assent to the deeds, in full compliance with the terms of the trust deed, and thereafter she could not be heard to complain that there was no consideration, and her heirs have, in this respect, no greater rights than she possessed. The general allegation that these deeds were " in violation of said trust," is not maintained by anything appearing in the deeds, or the trust deed. The whole legal and equitable estate being in the trustee and the *cestui que trust*, and there being nothing in the trust deed in restraint of alienation, those deeds necessarily vested in the respective grantees, the entire estate in the lands therein described, as fully as it was held by the grantors under the trust deed. The plaintiffs, therefore, state no cause of action, entitling them to have those deeds set aside; nor are they entitled to have the surviving trustee execute to them a conveyance of the lands described in those deeds, for no title to those lands remained in him.

The defendants in possession of the remaining lands— the lands not included in the deeds to Gray and Campbell— by the allegation of the complaint, not having any title thereto, derived through the trust deed, are not interested in the question whether the trustee ought or ought not to convey the legal title to the plaintiffs. They stand in relation to the question, as any adverse possessor does in relation to a title that is in litigation between two other parties. They are not interested in the question, and should not be affected by the results of the litigation.

We have not considered it necessary to consider, at any length, the arguments and authorities presented by counsel, upon the position that the leading object of the trust was to *preserve* the property during Mrs. Welton's coverture. The only intention we are authorized to declare, is such as may be deduced from an interpretation of the instrument which was drawn and executed by the parties to express their intention. We fail to find anything in that instrument, limiting her power of alienation, in respect to the property to be sold, its price, or the time of sale, save only that the trustees were to make

the sales under her directions.   She had the absolute dis-
posal of the proceeds, and could direct a re-investment at
her pleasure.   The provision that in case she should survive
her husband, the trustees should transfer and convey to her,
the whole trust property, manifests, instead of a distrust, a
confidence in her ability to manage her separate property.
The title was vested in trustees, not to hamper her power of
disposition of the property, but the more effectually to secure
it to her, as her separate property, to be enjoyed free from
the control of her husband.

   Judgment affirmed.

   CROCKETT, J., and TEMPLE, J., expressed no opinion.