No. 2,549.

JAMES M. LEARNED, RESPONDENT, *v.* MERIT WELTON, *et al.*, APPELLANTS.

| 40 | 349 |
|----|-----|
| 84 | 468 |
| 40 | 349 |
| 92 | 14 |

DEED BY TRUSTEE.—Where the deed creating the trust, conveys the trust estate to two trustees and empowers them, or the survivor of them, to sell and dispose of the trust estate or any part of it, a conveyance by one of the trustees while the other is acting as such does not convey the legal title.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

Plaintiff demurred to the answer on the ground that the defence set up was insufficient in law, because the deed to Brown, which was set out in the answer, was a good and valid deed, and transferred to him all the title and possession of Elizabeth S. Welton and her husband, Merit Welton, to the real estate therein named.

The Court below sustained the demurrer, and the defendants Merit Welton, Lamson Welton and Amy Welton, appealed.

. The other facts are stated in the opinion.

*Hale & Edmonds,* for Appellants.

It required the concurrence of both trustees, joining in the execution of the deed to make it valid, either as an execution of the power, or as a conveyance of the legal estate. (*Ridgeley* v. *Johnson,* 11 Barb. N. Y. 527; *Van Rensselaer* v. *Akin,* 22 Wend. 549; *Sinclair* v. *Jackson,* 8 Cow. 553, 583; *Wilbur* v. *Almy,* 12 How. U. S. 180; Tiff & Bull. on Trusts, 539; Willis on Trustees, 136; Story's Eq. Jur. Sec. 1280.)

*J. B. Hart,* for Respondent.

The controversy as between the appellants and respondent was passed upon, and adjudicated by this Court in the case of *Welton* v. *Palmer,* 39 Cal. 456, and is therefore *res adjudicata.* (*Soule* and *Page* v. *Dawes,* 14 Id. 247.)

RHODES, C. J., delivered the opinion-of the Court, WALLACE, J., and SPRAGUE, J., concurring:

Action to quiet title. The answer of Merit Welton, Lamson Welton and Amy Welton alleges that the premises, together with other lands, were conveyed to two trustees, in trust for Elizabeth S. Welton, and that the trustees accepted the trust ; that one of the trustees, together with Mrs. Welton and her husband, executed a deed of the premises to George Brown, but that Mrs. Welton did not acknowledge the deed; that the other trustee never executed nor authorized the execution of the deed; that the defendants claim title as the heirs of Mrs. Welton, now deceased; and that the plaintiff derives his claim of title under the deed to George Brown, and in no other manner. The demurrer to the answer was sustained.

In *Welton* v. *Palmer* (39 Cal. 456), we assumed that the deed to George Brown was void, and this because it was so alleged in the complaint. But whether void or not, it is clear that the conveyance by one of the trustees, while the other trustee was acting as such, did not pass the legal title to the premises. The cases cited by the defendants, show that a conveyance under such circumstances is not well executed, unless both trustees unite in the conveyance. The basis of the complaint is, that the plaintiff is the owner in fee of the premises. The answer shows that he does not hold the legal estate, and the demurrer, therefore, should have been overruled.

Judgment as to Merit Welton, Lamson Welton and Amy Welton reversed, and cause remanded, with directions to overrule the demurrer to their answer.

TEMPLE, J., expressed no opinion.

Mr. Justice CROCKETT, being disqualified, did not sit in this case.

---

*Taylor* v. *Welton* [No. 2,550].—Upon the authority of *Learned* v. *Welton* [No. 2,549] judgment as to Merit Wel-

ton, Lamson Welton and Amy Welton, reversed and cause remanded, with directions to overrule the demurrer to their answer.

TEMPLE, J., expressed no opinion.

Mr. Justice CROCKETT, being disqualified, did not sit in this case.

*Butler* v. *Welton* [No. 2,551].—Upon the authority of *Learned* v. *Welton* [No. 2,549] the judgment as to Merit Welton, Lamson Welton and Amy Welton, reversed and cause remanded, with directions to overrule the demurrer to the answer.

TEMPLE, J., expressed no opinion.

Mr. Justice CROCKETT, being disqualified, did not sit in this case.