## C. C. BUTLER, Respondent, v. LARNSON S. WELTON et al., Appellants.

### No. 3173; July 9, 1872.

**Trusts—Execution of Deed by One of Two Trustees.**—Where a trust deed provides among other things that one of the two joint trustees shall be competent to hold and act in case the other resigns the trust, the execution by one of them of a resignation and its delivery by him to his cotrustee, who is also his copartner in business and general attorney in fact, and who deposits the instrument immediately in the office safe among the firm papers, in which depository it is discovered after his death, are facts not sufficient to validate a deed of the trust property executed by only the trustee to whom the delivery was made, but in the body of which both persons are named as trustees.

**Trusts—Execution of Deed by One Trustee on Resignation of Other.**—The condition expressed in a deed of trust to two persons jointly that if one resigns the other shall hold and act alone unless, by some appropriate instrument in writing, the cestui que trust appoints another cotrustee, is not satisfied if, after a resignation by one of the trustees, the other alone executes a deed of the trust property, such deed not showing on its face, or it not being shown otherwise, that the cestui que trust was aware of the resignation before the execution of the deed.

**Trusts—Resignation of Cotrustee.**—A Writing by a Cestui Que Trust, uncalled for in law or by the terms of the trust deed, giving permission to a trustee to resign, is, in case the trustee thereupon executes a resignation and delivers it to his cotrustee who immediately deposits it in their office safe (the two being partners in business), no evidence that the cestui que trust was informed of the resignation so that she could appoint a successor, if under the deed of trust she was empowered so to appoint in case of a resignation.

**Trusts—Resignation by Cotrustee.**—Where a Deed of Trust Does not Provide that a joint trust is to be made an individual one simply by the delivery of his written resignation by one trustee to his cotrustee, it requires other formalities to bring such a purpose into effect.

**Trusts—Resignation of Trustee.**—To be Valid, the Delivery of a Written instrument intended to effect his resignation by a trustee must, as in the case of the delivery of other written instruments, be such as to put the instrument beyond the power of the person executing it.

**Acknowledgment.**—A Deed by a Married Woman of Her Separate Property must, in order to pass title, be acknowledged by her, and her acknowledgment certified, in the manner required by the statute.

APPEAL from Twelfth Judicial District, San Francisco County.

I. B. Hart for respondent; Hale & Edmonds for appellants.

WALLACE, C. J.—In April, 1851, Merit Welton and Charles H. Ingalls, by deed of that date, conveyed certain premises, of which the premises in controversy are a portion, to Roger S. Baldwin and Charles T. H. Palmer, as trustees, upon the following trusts expressed upon the face of the deed, that is to say: First, that during the coverture of Elizabeth (wife of said Merit, one of the grantors) the trustees should manage and control the trust estate and pay the proceeds to said Elizabeth. Second, upon the said Elizabeth becoming discovert by the death of her said husband, Merit Welton to convey the estate to her. Third, that the said trustees shall have power, with the approbation or at the request of said Elizabeth expressed in writing, to sell and dispose of the said trust estate or any part of it, and the proceeds to invest in other real or personal estate according to the written direction of the said Elizabeth; and the estate so purchased to be held by the trustees upon the same trusts and for the same uses and purposes as aforesaid. Fourth, that in case of the decease of either of the above trustees, or the resignation of this trust by either of them, the survivor or either of them shall hold the whole of the estate as sole trustee, subject to the provisions herein set forth and expressed, unless some other person or persons shall be appointed by the said Elizabeth to be cotrustee or trustees under the provisions herein expressed, and in case of the decease of the said Baldwin and Palmer, or of their resignation of this trust, they or their executors or administrators shall convey, transfer and pay over the whole of the trust estate then held by them to such person or persons as may be appointed in writing by said Elizabeth to be the trustee or trustees of such trust estate, and such new trustee or trustees shall have all the powers and shall hold the trust estate subject to all the provisions herein expressed, etc. The trustees, Baldwin and Palmer, accepted the conveyance and the trust thereby created, but on the 20th of June, 1851, less than two months afterward, Elizabeth Welton, the cestui que trust, gave her

consent in writing, bearing date of that day, "that Charles T. H. Palmer shall resign his trust which he holds in common with Roger S. Baldwin to property deeded to said Palmer and Baldwin by Merit W. Welton and Charles H. Ingalls for my benefit whenever he may wish." Five days thereafter, on the twenty-fifth day of June, 1851, Palmer executed under his hand and seal a paper purporting upon its face to resign his trust in the premises, the language being: "Hereby utterly resign my office as trustee of the said Elizabeth S. Welton and her heirs from this day and declare myself henceforth no party to and not liable for any contract, action, or business connected with said estate," and gave it to his cotrustee, Baldwin, who was his copartner in business and his general attorney in fact, who placed it in a safe among the papers belonging to himself and Palmer, where it was subsequently found by Palmer upon the decease of Baldwin in 1856. In September, 1852, Merit Welton, Elizabeth Welton, his wife, and Roger S. Baldwin, "for himself and Charles T. H. Palmer, trustees for Elizabeth S. Welton, wife of the said Merit Welton," conveyed or attempted to convey the entire premises constituting the real estate held in trust to one Brown for the purported consideration of seven hundred and fifty dollars, paid in hand, the conveyance purporting upon its face to be executed by said Merit and Elizabeth as grantors, and also by "Roger S. Baldwin, Chas. T. H. Palmer p. p. Roger S. Baldwin atty., trustees," and acknowledged by Baldwin as trustee and by Merit Welton and Elizabeth, his wife, in the usual form before a notary public, the certificate, however, not stating that the contents thereof were explained or made known to the said Elizabeth by the officer receiving and certifying her acknowledgment. The plaintiff Butler derives his asserted title to the premises in controversy through the conveyance to Brown, and being in possession, brought this action against the defendant Palmer as surviving trustee, and the other defendants, heirs at law of Merit Welton and Elizabeth, his wife, both of whom are deceased, alleging "that Palmer executed said deed by his attorney in fact, the said Roger S. Baldwin, Jr.; that the said Palmer had prior to that time made said Baldwin his attorney in fact by power of attorney, which was not recorded, or it may be that the said Baldwin was the sole trustee for the

said Elizabeth S. Welton at the time of the execution of the said deed to the said Brown, and that prior thereto the said Palmer had resigned his trusteeship,'' and praying that the defendants be compelled by decree to execute and deliver to the plaintiff a conveyance for the premises derived by him under the deed to Brown.

The defendant Palmer appeared in the action, admits that he was one of the grantees in trust named in the deed of April, 1851, and prays to be relieved by the decree of the court from the trust thereby created. The other defendants, the Welton heirs, answered the complaint, denying all its allegations except the allegation that the plaintiff is in possession of the premises and that they, the defendants, claim an estate therein adverse to the plaintiff. They also set up that the deed to Brown was invalid and ineffectual to convey the trust estate, because of the failure of Palmer, the cotrustee, to unite therein, etc.

A trial was had and judgment being rendered for the plaintiff, the defendants moved for a new trial, which was denied, and this appeal is taken from the judgment and order denying a new trial.

1. Assuming that, at the time the conveyance was made to Brown, Palmer had not been devested of his trust, it follows that the deed to Brown not having been executed by him, but only by his cotrustee Baldwin, was ineffectual to convey the legal estate: Welton v. Palmer, 39 Cal. 456; Learned v. Welton, 40 Cal. 350, etc.

2. Nor was that deed aided in any respect by the signature of Mrs. Elizabeth Welton, as a purported grantor therein, for as her deed it was absolutely void to all intents and purposes, because not acknowledged or certified in the manner required by law: Pease v. Barbiers, 10 Cal. 40; Maclay v. Love, 25 Cal. 367, 85 Am. Dec. 133.

3. That Palmer at the time the conveyance was made to Brown had not been devested of the trust he had accepted by the deed of April, 1851, is clear. The consent of Mrs. Welton given on June 20, 1851, to the effect that he might thereafter resign whenever he might wish to do so amounts to nothing—he already had that right under the very terms of the trust deed itself, and the consent of the cestui que trust, accorded or withheld, could not affect his mere power

to withdraw from the further exercise of his trust—and certainly that consent did not proprio vigore terminate the relation. What act was subsequently done by Palmer to relinquish the trust? He executed an instrument by which he purported to resign it—gave the instrument to his cotrustee, who was also his partner and general attorney in fact, by whom it was placed in their private safe and never came to light until years afterward, when in 1856 Palmer himself discovered it after Baldwin's death among the papers belonging to Baldwin and himself. The resignation itself was never delivered nor put beyond the power of Palmer. Baldwin, as cotrustee, had no authority to accept it. His powers under the trust deed of April, 1851, did not extend to or include the power to accept the resignation of his cotrustee, and so far as effectuating a resignation of the trust, Palmer might as well have placed it among his own papers or kept it in his pocket. Mrs. Welton, the cestui que trust, does not appear to have known or been informed that the resignation had been actually made or even attempted, and the conveyance to Brown, under which the plaintiff claims title, shows that no such resignation was understood to have occurred, for it purports upon its face to be an attempt to convey made by both Baldwin and Palmer, as trustees, continuing at that time to jointly represent their cestui que trust, Mrs. Welton. It is unaccountable that Baldwin, to whom alone the resignation is said to have been delivered, and who purports to have then had it in his private custody, should have still continued to act as trustee jointly with Palmer if he understood that the latter had actually and definitely relinquished his trust. That Palmer himself did not understand that he had resigned his trust is further shown, too, from the fact that years afterward, and after Baldwin's death, he, as surviving trustee, executed conveyances of portions of the trust estate in conjunction with his cestui que trust, Mrs. Welton, and it is not pretended that he had ever been reappointed as trustee.

4. There can be no doubt, as a general proposition, that it is competent to the parties to a conveyance in trust to regulate and prescribe the steps to be taken by a trustee in resigning his trust without the necessity of a resort to a court of equity for that purpose. That the trust deed under consideration here contemplated and in effect provided that a

resignation of either of the trustees before it could operate to vest the entire legal estate in the other trustee should be notified to Mrs. Welton, the cestui que trust, or in some way brought to her attention is clear. It will be observed that by the terms of the deed, upon the resignation of one of the trustees, the entire trust estate is not to vest in the other absolutely or at all events, but only "unless some other person or persons shall be appointed in writing by the said Elizabeth S. Welton to be cotrustee or trustees under the provision herein expressed, etc." In that event the estate of the original trustee and of the substituted trustee is to continue to be joint. The cestui que trust is clothed with a power of appointment of a new trustee in case of resignation. This is an important power vested in her—one of a highly beneficial nature, and which, in the estimation of the parties, tended to guard and secure the scheme discernible in the trust deed. The cestui que trust was not to be deprived of the protection afforded her by two trustees acting jointly for her benefit about the trust estate; at least, she was not to be so deprived except she should consent thereto. This consent could, of course, appear only after failure upon her part to nominate a successor to fill the vacancy, and there could be no such failure upon her part until after notice or knowledge of the fact that the vacancy had actually occurred.

5. We have seen already that the conveyance to Brown as a deed of Mrs. Welton, a feme covert, was void to all intents and purposes. As being her written consent, if it was such, to the conveyance made by only one of the trustees, the other trustee not joining therein, it is not less a nullity upon her part as being in plain violation of the provisions of the trust deed itself, which forbade her consent to the sole deed of a single trustee if two trustees were at the time acting about the trust estate.

6. The facts of the case appear by the stipulation found in the record, the exhibits admitted by the parties and the findings of the court filed, and we are of opinion that upon these the defendants are entitled to judgment.

Judgment reversed and cause remanded, with directions to render judgment for the defendants in accordance with the prayer of their answer.

We concur: Niles, J.; Belcher, J.; Rhodes, J.