[Civ. No. 16897. First Dist., Div. One. Dec. 21, 1955.]

LILLIAN STANTON, Plaintiff and Respondent, v. HELENE PREIS et al., Defendants and Respondents; WELLS FARGO BANK, Appellant.

Heller, Ehrman, White & McAuliffe for Appellant.

Bronson, Bronson & McKinnon, Edgar H. Rowe, Philip S. Ehrlich, Albert A. Axelrod and R. J. Hecht for Plaintiff and Respondent.

Eugene H. O'Donnell, in pro. per., and Ralph Bancroft for Defendants and Respondents.

WOOD (Fred B.), J.—Two of the beneficiaries of a testamentary trust instituted a proceeding against the other beneficiaries, the contingent remaindermen, and the trustees, to modify the terms of the trust by removing certain investment limitations, including the deletion of the requirement that investments be limited to federal, state and municipal bonds, and other bonds (excluding those of foreign governments or municipalities) rated at least "AA" by Moody's Investors Service, and to substitute therefor the power to

invest in such notes, bonds, mortgages, trust deeds, debentures, preferred or common stocks, investment trust or other trust certificates, bank accounts or other property, real or personal, as the trustees may deem advisable and in accordance with the provisions of the "Prudent Man Rule."

Prior to the trial, it happened that one of the plaintiff-beneficiaries, Helene Preis, was substituted for one of the two trustees and was made a party defendant (as a beneficiary and as a trustee) instead of a party plaintiff.

It appears also that all of the beneficiaries and the contingent remaindermen filed answers consenting to the proposed modification. Helen Preis, as trustee and as beneficiary, filed an answer in propria persona in which she prayed that the modification be made. She did not appear at the trial.

The court made the requested modification and the corporate trustee, Wells Fargo Bank, appealed. It claims that the evidence does not show a proper or sufficient basis for the exercise by the court of its power to authorize the trustees to deviate from the terms of the trust.

Helene Preis, as cotrustee and as a beneficiary under the trust, and some of the other respondents moved to dismiss the appeal, claiming it a nullity because both trustees did not join in exercising the power of appeal. Their theory is that the taking of this appeal is the exercise of a "power" which is "vested in several persons" and that "all must unite in its execution" (Civ. Code, § 860); also, that Civil Code, section 2268, here applies: "Where there are several co-trustees, all must unite in any act to bind the trust property, unless the declaration of trust otherwise provides."

█ Wells Fargo Bank contends the joint-action rule does not apply because the action here involved is not within the framework of the powers conferred in the trust instrument; especially, in view of the fact that appellant trustee seeks to abide by the mandate of the trust and the respondent trustee seeks to deviate therefrom.

The logic of the movant's position would lead to the conclusion that it was not competent for either trustee to file a separate pleading below; that in the absence of ability to agree upon a defense the trustees should have defaulted. Yet, each trustee made a separate plea, one opposing and the other joining in the proposal for modification. Apparently, it occurred to no one to question their right to do so. Nor do we question that right.

The answer, we think, is that here we are not dealing with the kind of "power" which the statute requires all of the trustees to unite in exercising if the trust property is to be bound. An obvious illustration of the type to which the statute applies is the power to sell all or any portion of the trust property. It was well said in *Learned* v. *Welton*, 40 Cal. 349, 350: ". . . it is clear that the conveyance by one of the trustees, while the other trustee was acting as such, did not pass the legal title to the premises." It has been said that "one who appoints several trustees to manage a trust is deemed to express a desire to get the benefit of the wisdom and skill of all in every act of importance under the trust." (Bogert on Trusts and Trustees, vol. 3, pt. 1, § 554, p. 440.) The powers, if they are powers, here involved are not precisely that. They are in the nature of a legal capacity to seek the court's instruction as to the proper interpretation of the trust instrument. Specifically, this is a proceeding to invoke "the *power of the* appropriate *court* . . . to direct or permit the trustee to deviate from the terms of the trust regarding the making or retention of investments." (Civ. Code, § 2261, subd. (4), emphasis added.) If, as in this case, one of the trustees believes the facts presented do not justify the exercise of such a power by the court that trustee ought in good conscience to assist the court by filing appropriate pleadings, by actively participating in the trial, and by prosecuting an appeal if he believes the trial court's decision is in error.

While this precise question appears to be one of first impression in this state, we think the reasoning in *Estate of Ferrall*, 33 Cal.2d 202 [200 P.2d 1, 6 A.L.R.2d 142], concerning the right of a trustee to appeal, indicates that the right of appeal in the case before us is one which may be exercised by any trustee, whether his cotrustee or trustees join with him in the appeal or not.

The Ferrall case involved an order which increased the amount of an allowance to be paid one of the beneficiaries and directed the trustees to draw on the corpus of the trust if the income proved insufficient. The trustees appealed from the order. The respondents moved to dismiss the appeal upon the ground that the trustees were not aggrieved by the order. The court enumerated various types of situations in which a trustee may appeal, including the right to appeal from an order terminating a trust or dissolving a spendthrift trust, and then said: "The trustee is permitted to

appeal from an order of termination in order to give effect to trust purposes that can be served only by the continued administration of the trust. An appeal by a trustee may be necessary in order to determine whether the trial court properly ordered its termination. If such an appeal were not allowed, the trial court, when all beneficiaries consent, could completely disregard the provisions of the trust, even though there is no justification for a deviation from its terms. There is no substantial difference in this respect between an order that terminates a trust and an order that modifies it contrary to a specific provision. In either case the litigation does not involve merely the conflicting claims of beneficiaries to a particular fund, but concerns the performance of a duty by the trustees to protect the trust against an attack that goes to the very existence of the trust itself.

"The will in the present case provided that Fay F. Hamilton receive the income from the corpus during the continuance of the trust, with power vested in the trustees, in their sole discretion, to provide her with funds from the corpus to take care of her needs. It further provided that in the event her husband predeceased her, or became divorced from her, then the entire corpus of the trust was to be distributed to her. Thus, so long as she remained married to her husband she was to receive only such funds in addition to the trust income as were deemed necessary by the trustees to meet her needs. To deny the trustees an appeal under these circumstances would render them helpless to prevent invasions of the corpus that might defeat the plan of the trustor or even destroy the trust itself." (Pp. 205-206.) That reasoning applies, we think, to each trustee individually as well as to the trustees as a group.

The appellate court of Illinois has applied this same line of reasoning to both types of situation. In *Altemeier* v. *Harris*, 335 Ill.App. 130 [81 N.E.2d 22], it held: "In the instant case the trustees were required to answer the petition which sought a confirmation of the Family Settlement Agreement. They did so and when, upon a hearing, a decree was rendered adversely to their contentions and which, in their opinion, thwarted the will of the creator of the trust which they were required to administer, it was not only their right, but clearly their duty to appeal." (P. 27 of 81 N.E.2d.) In *Tree* v. *Continental Ill. Nat. Bank & Trust Co.*, 346 Ill.App. 509 [105 N.E.2d 324], the court upheld the right of one trustee "even as against the protest of the cotrustee" (p. 328 of 105 N.E.2d)

to appeal from a judgment or order which approved a family settlement agreement that would, if effective, result in abrogating the spendthrift provisions of the trust. The court cited the Altemeier case as authority, quoting the same passage we have quoted from the Altemeier case. A like ruling was made in *Tree* v. *Rives*, 347 Ill.App. 358 [106 N.E.2d 870, 875]. Those are persuasive authorities for the application which in the instant case, we are making of the rationale of *Estate of Ferrall, supra,* 33 Cal.2d 202, 205-206.

The motion to dismiss the appeal is denied.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied January 20, 1956, and respondents' petition for a hearing by the Supreme Court was denied February 15, 1956. Carter, J., was of the opinion that the petition should be granted.