Filed 11/21/14  King v. Steward CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CHARLES KING, as Co-Trustee, etc., et al.<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>RANDOLPH W. STEWARD,<br><br>    Defendant and Appellant. | E052121, E055805<br><br>(Super.Ct.No. VCVVS044224)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Dismissed as to E055805; affirmed as to E052121.

Randolph W. Steward, in pro. per., for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

These consolidated appeals arise from an action for partition and various other claims related to several parcels of land located in Victorville, California.  Defendant and appellant Randolph W. Steward challenges four orders issued by the trial court:  (1) a July 9, 2010, "Order After Trial" (July 9 Order) that, among other things, makes findings

1

regarding the ownership of one of the parcels, and requires Mr. Steward, who has had possession of that property, to pay rent; (2) a July 13, 2010, "Order After Trial On Submitted Issues" (July 13 Order) that requires the properties be sold, sets specific terms for the sale, and imposes certain requirements on the owners, including Mr. Steward, with respect to the sale process; (3) an October 15, 2010, Order (October 15 Order) granting in part Mr. Steward's motion to vacate the July 9 Order and modifying the July 9 Order in certain respects, but denying his motion to vacate the July 13 Order; and (4) a January 5, 2012, "Judgment Terminating Interests of Unknown Defendants In Real Property" (January 5 Judgment) that, as its title suggests, terminates any rights that "unknown defendants" may have in the properties at issue.

Mr. Steward represents himself in propria persona in these appeals. He raises a variety of arguments, none of which are persuasive. His appeal of the January 5 Judgment (case No. E055805) is dismissed for lack of standing. The remaining orders appealed from (case No. E0512121) are affirmed.

## I. FACTS AND PROCEDURAL BACKGROUND

This case relates to three parcels of land located in Victorville, California. The complaint, filed on December 5, 2006, asserts five causes of action: (1) "Partition"; (2) "Accounting of Rents and Profits"; (3) "Possession"; (4) "Breach of Duty by Co-Tenant and for Injunctive Relief to Prevent Waste"; and (5) "Trespass by Forcible Wrongful Interference with Peaceable Possession; Temporary Restraining Order, and Preliminary and Permanent Injunctions." Plaintiffs include Charles King and Atishia Spicer, in their capacity as cotrustees of the Milbry Cleyo Spicer Trust, as well as

2

Marshall Steward, Joyce M. Spicer, John A. Spicer, Deedra King, and Roberta Griffin. Defendants include Mr. Steward, as well as his daughter, Rebecca Scott Steward, in her capacity as the third cotrustee of the Milbry Cleyo Spicer Trust.

The complaint alleges that Mr. Steward owns an undivided 14 percent interest in the properties. Defendants' joint answer admits the truth of this allegation. It also admits the truth of an allegation that copies of all quitclaim and grant deeds showing record title in the properties as of the filing of the complaint are attached to the complaint. It turns out, however, that these admissions—despite being verified under penalty of perjury by each of the defendants—were untrue. In a series of transactions dating between February and September 2006 (prior to the filing of the complaint, or the answer thereto), Mr. Steward had transferred a portion of his previous interest in the properties to his daughters, Rebecca Jessica Steward (named in the complaint as Rebecca Scott Steward, in her capacity as cotrustee) and Randecca C. Steward, as well as to an Oklahoma limited liability company, Steward Transport LLC.

The complaint further alleges, and the court found after trial, that Mr. Steward has had exclusive possession of one of the three parcels of land, including a house built thereon. In the July 9 Order, the Court found (among other things) Mr. Steward owed his co-owners $30,399.36 in rent for his previous four years of possession of the property, minus certain deductions and reimbursements, and required Mr. Steward to pay $800 per

3

month in rent going forward.[1]  Separately, in the July 13 Order, the court ordered the sale of all three parcels, and ordered Mr. Steward and the other owners to cooperate with the sale process in certain specific respects.

On July 15, 2010, Rebecca Steward filed a document entitled "Objections of Rebecca Steward To Any Proposed Court Orders Regarding The Proposed Partition By Sale Of Three Properties."  On July 26 and July 27, 2010, Mr. Steward filed motions to vacate the July 9 Order and the July 13 Order, and a motion for new trial.  In these papers, defendants raised for the first time the issue of nonjoinder of the third parties to whom Mr. Steward had transferred a portion of his interest in the properties, namely, Rebecca Steward in her individual capacity, Randecca Steward, and Steward Transport LLC.

In a minute order dated September 1, 2010, the Court denied Mr. Steward's motion for new trial on procedural grounds, which Mr. Steward has not appealed.  The October 15 Order—which consists of a minute order and attached explanatory "Ruling"—acknowledges that Mr. Steward had presented evidence demonstrating he no longer owned the entirety of the interest he previously had held in the property that was the subject of the July 9 order.[2]  On that basis, the court vacated the July 9 Order "in

---

[1]  The parties had stipulated that the rental value of the property was $800 per month.

[2]  Both the July 9 Order and the October 15 Order refer to Mr. Steward as having had a one-sixth interest in the property, which is slightly more than the 14 percent interest alleged in the complaint.  The complaint alleges there were seven owners of the parcels at issue—the Milbry Cleyo Spicer Trust, the five individual plaintiffs, and Mr. Steward—

*[footnote continued on next page]*

4

part," essentially modifying the order by deleting those portions of it that rested on the mistaken determination that Mr. Steward owned as large of an interest in the property as he had previously represented. Among the provisions left unchanged is the finding that Mr. Steward had been in possession of the property for four years, and the requirement that Mr. Steward pay $800 in rent to his co-owners for his continued possession. The court denied outright Mr. Steward's motion to vacate the July 13 Order.

On January 4, 2012, the court entered default against "All Persons Unknown Claiming Any [L]egal or Equitable Right, Title, Estate, Lien, or Interest in Property Described in [the] complaint Adverse to Plaintiffs' interest therein . . . ." The January 5 Judgment, entered the following day, declares that any such persons "have no interest whatsoever" in the properties, and that plaintiffs, together with Mr. Steward, "are the sole owners, of each parcel in percentages equal to the interests they each held as of July 13, 2010 . . . ."

## II. DISCUSSION

### A. Joinder

Although variously phrased, many of the arguments raised by Mr. Steward are founded on the notion that the trial court lacked jurisdiction to adjudicate the case in the absence of the third parties to whom he transferred part of his interest in the properties,

---

*[footnote continued from previous page]*

and a one-seventh interest would be approximately 14 percent. In the July 9 Order, however, prior to Mr. Steward's revelations regarding transfer of a portion of his interest, the court found there were only six owners—plaintiff Roberta Griffin is deleted from the list of seven—each with an equal one-sixth interest.

5

but who were not joined to the action.  Not so.  "'[E]ven in the absence of an "indispensible" party, the court still has the power to render a decision as to the parties before it which will stand.  [Citations.]  It is for reasons of equity and convenience, and not because it is without the power to proceed, that the court should not proceed with a case where it determines that an "indispensable party" is absent and cannot be joined.'  [Citations.]"  (*McKeon v. Hastings College* (1986) 185 Cal.App.3d 877, 890 (*McKeon*); see also *Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 693 (*Save Our Bay*) [similar].)

Additionally, the failure to raise an objection regarding nonjoinder of parties at the outset of a case generally waives the objection.  (*McKeon*, *supra*, 185 Cal.App.3d at p. 889.)  Mr. Steward not only failed to raise an objection regarding nonjoinder of parties, he actively concealed from plaintiffs and the court the existence of parties who would be properly joined to the action.  He knew he had transferred a portion of his initial interest in the properties to those third parties as of the time the complaint was filed.  Rather than moving for joinder of the absent third parties or otherwise raising the issue, Mr. Steward chose to file, together with Rebecca Steward, a verified answer that falsely asserted he continued to own the entirety of his initial interest in the properties, and falsely agreed that deeds showing all record title interests in the properties were attached to the complaint.  He filed no demurrer raising the matter of the nonjoinder of third parties to whom he had transferred interests in the properties, nor did he assert nonjoinder of an indispensable party as an affirmative defense.  (See *McKeon*, *supra*, at p. 889 [demurrer or answer are the usual methods of making timely and proper objection on ground of

6

defective nonjoinder].)  Nor did he raise the issue of nonjoinder in his discovery responses, nor in any motion practice, nor even at the trial of the action.  Rather, as noted, he raised the issue of nonjoinder for the first time only after trial, and after the court had issued its July 9 Order and July 13 Order, in motions to vacate those orders.  Neither anything in equity, nor any consideration of convenience or efficiency, counsels that such behavior—which may well constitute perjury and a fraud on the court—should be countenanced.

The only justification for permitting nonjoinder to be raised late is if the absence of a party "'preclude[s] the trial court from rendering any effective judgment between the parties before it.'"  (*McKeon*, *supra*, 185 Cal.App.3d at p. 889.)  Mr. Steward has made no showing that this exception should appropriately be applied here.  Among other things, he has not demonstrated that he is threatened with a substantial risk of incurring double, multiple, or other inconsistent obligations, nor has he presented any reason why the trial court was prevented from according "complete relief . . . among those already parties . . . ."  (Code Civ. Proc. § 389; see also *McKeon*, *supra*, at p. 889.)  To the contrary, the trial court correctly determined that, "***[g]iven that the only ownership interests not before the court are those conveyed away by Mr. Steward***, the inability to make a single interlocutory judgment apportioning the parties' interests in the property does not seem to be a basis for refusing to allocate the ownership interests of the plaintiffs and determining the allocations of Mr. Steward and those claiming through him at a later date . . . "  (Italics and boldface in original.)

Thus, Mr. Steward forfeited any objection based on defective nonjoinder by failing to raise the issue at the outset of the action, and his various arguments based on nonjoinder are rejected. Under the circumstances, the trial court did not err by proceeding to adjudicate the matter with respect to the parties already before the court, despite the absence of certain third parties who likely would properly have been joined to the action, had the issue been raised by Mr. Steward in a timely manner.

## B. Standing

Mr. Steward contends that the two plaintiff cotrustees of the Milbry Cleyo Spicer Trust lack standing to bring the action, arguing that they were empowered to act only by unanimous action of all cotrustees, and that they were not doing so when they brought suit, since the third cotrustee, Rebecca Steward, was named as a defendant, not a plaintiff. (See Prob. Code, § 15620 ["Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action."].) Moreover, Rebecca Steward resigned as cotrustee on January 30, 2009. Mr. Steward suggests that the circumstance no successor cotrustee was named in her place and substituted in as a party plaintiff means that the trust remained disabled from acting, under the rule stated in Probate Code section 15620.

Mr. Steward's arguments fail in several respects. *First*, it is questionable whether the power of trustees to bring suit to preserve the property of a trust, especially with respect to actions or failures to act by a cotrustee, is governed by Probate Code section 15620's unanimity requirement. (See *St James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 360 [citing with approval Rest. Trusts, 529, § 200,

8

com. d., which provides: "If there are several trustees, one or more of them can maintain a suit against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust, or to compel him to redress a breach of trust committed by him."]; see also Rest.2d Trusts, § 200, com. e [similar], and 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, § 54, pp. 626-627 ["A trustee may act separately in a court proceeding"].)  California courts have explicitly upheld the right of one trustee to appeal from a judgment or order, even over the objection of a cotrustee, finding that the right to bring such an appeal is not "the kind of 'power' which the statute requires all of the trustees to unite in exercising if the trust property is to be bound." (*Stanton v. Preis* (1955) 138 Cal.App.2d 104, 106 [interpreting predecessor statute to Probate Code § 15620].)  We see no reason why such reasoning should not be extended to bringing an action in the first instance.

*Second*, nothing in our record indicates that, prior to her resignation as cotrustee, Rebecca Steward objected that the other two cotrustees had exceeded their authority by bringing the action absent unanimous consent.  She was well aware of the lawsuit, since she was named as a defendant.  Nevertheless, she did not plead the issue of the powers of her cotrustees as a defense in the answer.  Nor apparently did she raise the issue at any other point in the action, prior to her "objections" filed on July 15, 2010—not only after trial but also long after she had already resigned as cotrustee.  As such, with respect to the period prior to her resignation as cotrustee, Ms. Steward acquiesced to the actions of her cotrustees, thereby implicitly ratifying their decision to bring suit, even if her consent was not obtained in advance.  (See *Rakestraw v. Rodrigues* (1972) 8 Cal.3d 67, 73 [in general,

9

when an act has been ratified, it is treated as if originally authorized].) After her resignation, the two remaining trustees acted unanimously in continuing to litigate the action, so even if Probate Code section 15620 applied, the unanimity requirement was satisfied. And, Mr. Steward's arguments to the contrary notwithstanding, nothing in the trust agreement or in the Probate Code suggests that the remaining trustees were disabled from acting until a new successor trustee was appointed.

*Third*, and finally, even if Mr. Steward were correct that two plaintiff cotrustees lacked standing to bring the action absent the consent of Ms. Steward, he makes no argument that the other plaintiffs, who brought suit in their individual capacity, lack standing. Nor does he make any showing of how the orders appealed from would necessarily have been different, if the cotrustee plaintiffs were not a part of the case. As such, the court had the power to hear the case, at least as brought by the individual plaintiffs, and Mr. Steward has not shown how the orders appealed from are erroneous in any respect.

Before turning to other issues, however, we must address another question related to standing, namely, Mr. Steward's own standing to appeal the January 5 Judgment. "To be sufficiently 'aggrieved' to qualify for appeal standing, a person's rights or interests must be injuriously affected by the judgment or order, and those rights or interests ""'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment'"" or order. [Citation]" (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295; see also Code Civ. Proc. § 902.) On its own terms, the January 5 Judgment injuriously affects only the rights of "unknown defendants," whose

10

interests in the properties at issue are terminated. To be sure, this judgment may be open to collateral challenge by the absent third parties. (See, e.g., *Save Our Bay*, *supra*, 42 Cal.App.4th at p. 693.) But Mr. Steward has presented neither legal authority, nor even any argument, as to why *he* may assert those absent third parties' rights in the circumstances of this case, and we are aware of no cognizable basis for him to do so. Because Mr. Steward cannot demonstrate he was in any way aggrieved by the January 5 Judgment, his appeal with respect to that judgment (case No. E055805) will be dismissed for lack of standing.

## C.  Right of First Refusal

Mr. Steward contends that the July 13 Order is defective because it does not contain a "right of first refusal" with respect to sale of the properties that had been granted to Mr. Steward under the terms of a stipulation entered into by the parties on April 9, 2009, and approved by the court. We find no error.

The April 9, 2009, stipulation referred to by Mr. Steward is entitled "Stipulation and Order Modifying Settlement Agreement Entered Into on January 30, 2009 and Release of Mechanic's Liens." On its face, it appears to be part of a settlement agreement between the parties, which was approved by the court. The stipulation provides that the properties are to be listed for sale, but that Mr. Steward would hold "a first right of refusal," such that "upon Plaintiffs' acceptance of an offer, [Mr. Steward] has ten calendar days to match that offer and to perform all the same terms and conditions therein."

11

Nevertheless, for reasons not revealed by our record, the settlement agreement apparently could not be performed or was abandoned by the parties, and the case proceeded to trial. Though stipulations may well be binding on parties in many circumstances, Mr. Steward cites no authority that supports the notion that a court must conform its judgment after trial to the terms of a failed settlement agreement between parties, and we are aware of none. As such, Mr. Steward's claim of error in this regard is rejected.

**D. Other Miscellaneous Issues**

Mr. Steward's briefing on appeal raises various other miscellaneous arguments. However, "to demonstrate error, an appellant must supply the reviewing court with some *cogent* argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287, italics added.) We have addressed above those arguments for which Mr. Steward has provided some minimally cogent argument, supported by legal analysis and citation to the record. Mr. Steward's remaining arguments, which fail to meet even this low standard, are summarily rejected.

### III. DISPOSITION

Case No. E055805, Mr. Steward's appeal of the January 5 Judgment, is dismissed for lack of standing. The orders appealed from in case No. E0512121 are affirmed. The parties shall each bear their own costs on appeal.[3]

---

[3] Although respondents have prevailed on the merits in this appeal, they did so despite failing to file a respondents' brief. We decline, therefore, to award them costs. (California Rules of Court, rule 8.278, subd. (a)(5).)

12

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>RICHLI</u>
J.

<u>CODRINGTON</u>
J.

13